Argued and submitted January 31, CA A65640 remanded for resentencing; otherwise affirmed July 1, reconsideration denied October 28, 1992, petition for review pending 1993

## STATE OF OREGON,
*Respondent,*

*v.*

## ROBERT DARRELL BUCHOLZ,
*Appellant.*

(10 90 02791 & 10 90 03187;
CA A65640 (Control) & A65641)
(Cases Consolidated)

834 P2d 456

Sally L. Avera, Public Defender, Salem, argued the cause and filed the brief for appellant.

Harrison Latto, Assistant Attorney General, Salem, argued the cause for respondent. With him on the brief were

Dave Frohnmayer, Attorney General, and Virginia L. Linder, Solicitor General, Salem.

Before Richardson, Presiding Judge, and Deits and Durham, Judges.

RICHARDSON, P. J.

### RICHARDSON, P. J.

Defendant was charged in one indictment with theft in the first degree, ORS 164.055, committed on February 10, 1990; in a separate indictment he was charged with unauthorized use of a motor vehicle, ORS 164.135, criminal mischief in the first degree, ORS 164.365, and unlawful delivery of a controlled substance to a minor, ORS 475.995, all committed on March 20, 1990. Defendant pled guilty to all of the charges in both indictments, and the charges were consolidated for sentencing. On the theft conviction, under the first indictment, the court sentenced him on the basis of a criminal history category in grid block G. It then used that conviction to elevate the criminal history category to F for purposes of sentencing on the conviction for unlawful delivery of a controlled substance under the second indictment. Defendant argues that the court erred.

■ Calculation of criminal history is governed by OAR 253-04-006.[1] Defendant argues that more than the oral pronouncement of sentence is needed to include a conviction in a criminal history. The state counters that the rule does not require a journal entry of conviction or a final judgment. Both parties point to the commentary to OAR 253-04-006 and policy arguments to support their positions. However, as discussed in *State v. Seals*, 113 Or App 700, 833 P2d 1344 (1992), the legislative history demonstrates a legislative intent that convictions sentenced at the same time are *present* convictions that are not counted in the criminal history, irrespective of rules governing *prior* criminal history.

■ Defendant also argues that the court erred in imposing consecutive probation sentences under the guidelines on

---

[1] OAR 253-04-006 provides, in part:

"(1) The Criminal History Scale includes nine mutually exclusive categories used to classify an offender's criminal history according to the extent and nature of the offender's criminal history at the time the current crime or crimes of conviction is sentenced. The nine categories in the scale are labelled alphabetically and are arranged in order of seriousness from the most serious (Criminal History Category A) to the least serious (Criminal History Category I).

"(2) An offender's criminal history is based upon the number of adult felony and Class A misdemeanor convictions and juvenile adjudications in the offender's criminal history at the time the current crime or crimes of conviction is sentenced. Prior adult convictions or juvenile adjudications which have been expunged shall not be considered when classifying an offender's criminal history."

the convictions for criminal mischief and unauthorized use of a motor vehicle.[2] He contends that the court did not make the findings required by ORS 137.123(4) to impose consecutive sentences. *State v. Racicot*, 106 Or App 557, 809 P2d 726 (1991). We agree with defendant that the enactment of the guidelines did not change that requirement.

CA A65640 remanded for resentencing; otherwise affirmed.

---

[2] Defendant's sentences included custody units. OAR 253-05-013. We note that the probation terms of consecutive probationary sentences run concurrently. OAR 253-12-020(3)(b).