Argued and submitted April 30, remanded for resentencing in part; otherwise affirmed July 1, 1992

## STATE OF OREGON,
*Respondent,*

*v.*

## DAVID MACK SEALS,
*Appellant.*

(10-89-04867A, 10-90-07017B;
CA A68165 (Control), A68166)
(Cases Consolidated)

833 P2d 1344

Peter Gartlan, Deputy Public Defender, Salem, argued the cause for appellant. With him on the brief was Sally L. Avera, Public Defender, Salem.

Timothy A. Sylwester, Assistant Attorney General, Salem, argued the cause for respondent. With him on the brief were Charles S. Crookham, Attorney General, and Virginia L. Linder, Solicitor General, Salem.

Before Richardson, Presiding Judge, and Deits and Durham, Judges.

RICHARDSON, P. J.

## RICHARDSON, P. J.

Defendant pled guilty to four counts in an indictment: Count I, theft in the second degree, ORS 164.045; Count 2, burglary in the first degree, ORS 164.225; Count 3, theft in the first degree, ORS 164.055; and Count 4, burglary in the first degree. The charges arose from what the prosecutor denominated a "crime spree" during the evening of August 4, 1990. The court sentenced defendant to 6 months in jail on Count 1 and to probation on Count 3. On Count 2, it determined that he came within grid block 8-G and sentenced him to a prison term of 22 months. It then used the conviction on Count 2 as part of defendant's criminal history on Count 4 and sentenced him to 24 months in prison, within the presumptive range of grid block 7-C.

Defendant argues that the court erred in using his conviction on Count 2 to upgrade his criminal history classification on Count 4. OAR 253-04-006 provides, in part:

"(1)    The Criminal History Scale includes nine mutually exclusive categories used to classify an offender's criminal history according to the extent and nature of the offender's criminal history at the time the current crime or crimes of conviction is sentenced. The nine categories in the scale are labelled alphabetically and are arranged in order of seriousness from the most serious (Criminal History Category A) to the least serious (Criminal History Category I).

"(2)    An offender's criminal history is based upon the number of adult felony and Class A misdemeanor convictions and juvenile adjudications in the offender's criminal history at the time the current crime or crimes of conviction is sentenced. Prior adult convictions or juvenile adjudications which have been expunged shall not be considered when classifying an offender's criminal history."

Defendant argues that the commentary to that rule shows that an offense committed during a single criminal episode that gives rise to multiple convictions cannot be used as criminal history in regard to the other offenses committed in the same episode. The commentary says:

"This section also makes clear that a criminal history, for purposes of sentencing under these rules, is determined as of

the time of sentencing. This provision ensures that the severity of the sentence is commensurate with offender's characteristics at the time he or she is sentenced.

"The Guidelines Board had originally adopted a rule which would only count prior convictions entered at the time the current crime of conviction was committed. This rule was intended to ensure that court proceedings not be manipulated by either the offender or the state to alter the offender's criminal history classification. The legislature, however, directed the Guidelines Board to amend this rule to provide that the offender's criminal history is to include all prior convictions or juvenile adjudications entered against the offender 'at the time the current crime or crimes of conviction is sentenced.' Section 98, Chapter 790, Oregon Laws 1989.

*"This reference to 'current crime or crimes of conviction' was intended to prohibit the consideration of convictions arising from the current proceeding in classification of the offender's criminal history. This prohibition applies even if the state can establish the chronological order in which the offenses were committed.*

"In short, the legislative intent was to capture as accurately as possible the offender's criminal record at the time of sentencing without encouraging the manipulation of court proceedings as a means to affect the offender's criminal history classification." *Oregon Sentencing Guidelines Implementation Manual* 50 (1989). (Emphasis supplied.)

The state contends that the commentary is not authoritative. *State v. Moeller*, 105 Or App 434, 806 P2d 130, *rev dismissed* 312 Or 76, 815 P2d 701 (1991). It argues that the proposed rule referred to in the commentary would have excluded any of a defendant's convictions that had not been reduced to judgment when the defendant committed the crime for which he was being sentenced. It contends that the legislature directed the council to adopt a rule that would calculate the defendant's history as of the time of sentencing. *See* Or Laws 1989, ch 790, § 98. By doing so, the state argues, the legislature intended that the defendant's criminal history score not depend on whether or not a formal "judgment" had been entered.

Although the commentary is not authoritative, here it accurately reflects the legislative intent. The language of OAR 253-04-006(2) was adopted from an amendment offered

by Representative Clark.[1] The discussion was directed to the impact of the rule on projected prison populations. Criminal Justice Council staff member Ashford explained the effect of the proposed change in OAR 253-04-006(2):

> "By counting criminal history from date of sentencing, offenders who are being sentenced for multiple offenses could have counted in their criminal history the multiple offenses—the current multiple offenses, because they have been theoretically convicted of them and that's what's driving those numbers up. If the intention of the committee is only to count as prior convictions, convictions unrelated to the current, then the impact figures would be very low."[2]

The concern was to clarify that the amendment was not intended to result in increased prison population. The legislators agreed with the explanation provided by Circuit Court Judge Ellis,[3] an associate member of the Criminal Justice Council, who testified:

> "The defendant who's before you for sentencing on four different felonies at the same time—three of those are not to me prior convictions. They're present convictions. *So you wouldn't count 'em as part of prior criminal history, no matter what rule you use for figuring prior criminal history.*" (Emphasis supplied.)

That understanding of OAR 253-04-006(2) comports with the principle underlying the guidelines to punish offenders within the limits of correctional resources. OAR 253-02-001; *see State v. Davis*, 113 Or App 118, 830 P2d 620 (1992). The trial court erred in using defendant's conviction on Count 2 in determining the grid block for his conviction on Count 4.

Remanded for resentencing for burglary in the first degree in Count 4; otherwise affirmed.

---

[1] Proposed Amendments to B-Engrossed Senate Bill 1073, House Judiciary Sub-Committee on Crime, June 19, 1989.

[2] The quoted testimony is from Tape Recording, House Judiciary Sub-Committee on Crime, Tape 103, Side A, June 20, 1989.

[3] The legislators assented with comments of "Exactly," and "That makes sense to me."