# STATE OF OREGON,
*Respondent,*

*v.*

# TREVOR SHANE MILLER,
*Appellant.*

## (10-90-09150; CA A68351)

838 P2d 79

Stephen J. Williams, Deputy Public Defender, Salem, argued the cause for appellant. With him on the brief was Sally L. Avera, Public Defender, Salem.

Timothy A. Sylwester, Assistant Attorney General, Salem, argued the cause for respondent. With him on the brief were Dave Frohnmayer, Attorney General, and Virginia L. Linder, Solicitor General, Salem.

Before Warren, Presiding Judge, and Riggs and Edmonds, Judges.

WARREN, P. J.

## WARREN, P. J.

Defendant challenges the sentences imposed after he pled guilty to ten charges arising from three separate incidents. He was sentenced at a single hearing. He concedes that, in the sentences relating to the first incident, the primary offense would be either his conviction for sodomy or for rape, both within grid block 9-H, with a presumptive sentence of 37 to 38 months. *See* OAR 253-03-001(17). The maximum presumptive consecutive term would be 76 months. OAR 253-12-020(2)(b). He argues that the court erred when it imposed a consecutive sentence on his burglary conviction according to the criminal history scale, instead of under OAR 253-12-020.

■      The state concedes that, "[s]trictly applying the rule, defendant would be correct." Under OAR 253-12-020(2)(a), after imposition of the sentence for the primary offense, consecutive sentences are calculated in column I. However, the state argues that the sentencing court erred in rating the burglary as having a crime seriousness category 8. It contends that defendant pled guilty to an indictment containing the aggravation language that he "caused or threatened to cause physical injury to [the victim]," which places the conviction in crime seriousness category 9. It contends that the court's error resulted in a 17-month reduction of incarceration time in defendant's favor and that, therefore, he cannot complain.[1] Under ORS 138.222(7), the state may appeal a sentence, but it did not. We will not consider its argument.

■      Defendant is also correct that the court erred in sentencing him on the offenses arising from the first incident and then using those convictions to increase his criminal history category from H to A. Convictions for which sentences are imposed at the same time are not counted in the criminal history, regardless of the rules governing prior criminal history. *State v. Bucholz*, 113 Or App 705, 834 P2d 456 (1992); *State v. Seals*, 113 Or App 700, 833 P2d 1344 (1992).

Convictions affirmed; remanded for resentencing.

---

[1] The state relies on *State v. Tremillion*, 111 Or App 375, 826 P2d 95, *rev den* 313 Or 300 (1992), where the sentence from which the defendant appealed was to be served concurrently with another sentence and could not affect the actual period of incarceration. Here, however, defendant's assigned error does affect the length of incarceration.