Argued and submitted April 28, convictions affirmed; remanded for resentencing in part; otherwise affirmed July 7, respondent's motion for reconsideration filed July 7, allowed by opinion December 8, 1993
See 125 Or App 238 (1993)

# STATE OF OREGON,
*Respondent,*

*v.*

# JEFFREY DONALD PLOURD,
*Appellant.*

(10-91-03041; CA A73887)

855 P2d 1138

Ingrid A. MacFarlane, Deputy Public Defender, Salem, argued the cause for appellant. With her on the brief was Sally L. Avera, Public Defender, Salem.

Timothy A. Sylwester, Assistant Attorney General, Salem, argued the cause for respondent. With him on the brief were Theodore R. Kulongoski, Attorney General, and Virginia L. Linder, Solicitor General, Salem.

Before Deits, Presiding Judge, and Riggs and Durham, Judges.

DURHAM, J.

## DURHAM, J.

Defendant was convicted of one count of endangering the welfare of a minor, ORS 163.575, two counts of sexual abuse in the second degree, ORS 163.425, and one count of attempted sodomy in the second degree. ORS 163.395; ORS 161.405. He argues that the court erred in sentencing him to consecutive terms of one year in jail on the convictions for sexual abuse. At the time the offenses were committed, they were Class A misdemeanors.[1] He argues that Oregon Laws 1989, chapter 790, section 51, as amended by Oregon Laws 1991, chapter 830, section 9,[2] limits the maximum term for a Class A misdemeanor to 6 months, unless the sentencing court finds substantial and compelling reasons to impose a longer term. By analogy to the felony sentencing guidelines, he contends that there were no substantial and compelling reasons here.

We do not address defendant's argument. Our review of defendant's sentences is under ORS 138.040 and is limited to whether they exceed the maximum allowable by law or are unconstitutionally cruel and unusual. However, the 6-month cap, on which defendant relies, does not apply to violations of ORS 163.415. Although the sexual abuse statutes were recodified, *see* Oregon Laws 1991, chapter 830, that

---

[1] The crime of sexual abuse in the second degree is now dealt with at ORS 163.425 and constitutes a Class C felony.

[2] That section provides:

"(1) Notwithstanding the provisions of ORS 161.615, the maximum term of jail incarceration for a Class A misdemeanor committed on or after November 1, 1989, shall not exceed six months unless the sentencing judge finds on the record substantial and compelling reasons to impose a longer term.

"(2) The provisions of subsection (1) of this section do not apply to sentences imposed for:

"(a) Violations of ORS 163.415, 163.435, 163.465, 163.575 or 813.010;

"(b) An attempt to commit a crime described in ORS 163.355, 163.385, 163.425 or 163.525; or

"(c) Any other sex crime that can be treated as a misdemeanor on sentencing.

"'(3) This section does not expand the scope of review in any appeal from a judgment of conviction as provided in ORS 138.040 or 138.050.

"(4) ORS 138.222 does not apply in any appeal of a judgment of conviction that is subject to this section.

"(5) This section is repealed November 1, 1993."

recodification does not affect defendant's sentences here, which are imposed under the statutes in force when the criminal acts were committed. *State v. Isom*, 313 Or 391, 395, 837 P2d 491 (1992). Accordingly, the maximum term of imprisonment for each sexual abuse conviction is one year. ORS 161.615(1). The sentences do not exceed the maximum allowed by law and defendant makes no claim that they are unconstitutionally cruel and unusual.

■ The state concedes that, under *State v. Bucholz*, 113 Or App 705, 834 P2d 456 (1992), *rev allowed* 315 Or 311 (1993), and *State v. Miller*, 115 Or App 306, 838 P2d 79 (1992), *rev allowed* 315 Or 311 (1993), the court erred in enhancing defendant's criminal history score on Count 3 by using convictions sentenced at the same proceeding. We accept the concession.

Convictions affirmed; remanded for resentencing on Count 3; otherwise affirmed.