On respondent's motion for reconsideration filed August 5, reconsideration allowed; opinion (121 Or App 557, 855 P2d 1138) modified; remanded for resentencing December 8, 1993

STATE OF OREGON,
*Respondent,*

*v.*

JEFFREY DONALD PLOURD,
*Appellant.*

(10-91-03041; CA A73887)

864 P2d 1367

Theodore R. Kulongoski, Attorney General, Virginia L. Linder, Solicitor General, and Timothy A. Sylwester, Assistant Attorney General, for motion.

Ingrid A. MacFarlane, Deputy Public Defender, *contra.*

Before Deits, Presiding Judge, and Riggs and Durham, Judges.

DURHAM, J.

## DURHAM, J.

We allow the state's motion for reconsideration of our opinion, 121 Or App 557, 855 P2d 1138 (1993), modify our opinion and remand for resentencing.

Defendant was charged by a single indictment with six offenses committed over the course of three separate events. Count 2 charged sexual abuse in the second degree on one day. Count 5 charged sexual abuse in the second degree which happened on a later day. Four offenses arose on a still later day: Count 1 charged endangering the welfare of a minor; Counts 3 and 4 charged attempted sodomy in the second degree and Count 6 charged sexual abuse in the second degree. The sodomy convictions (Counts 3 and 4) were felonies. The others were misdemeanors. After a jury trial, defendant was found guilty of all charges.

Defendant had no prior criminal convictions apart from those involved here. Consequently, his criminal history score at the start of the sentencing hearing was "I." The presumptive sentence for a conviction in grid block 6-I is probation. The trial court imposed the presumptive probationary sentence on the attempted sodomy conviction based on Count 4. It adjusted defendant's history score to "D" on the second attempted sodomy conviction (Count 3) and sentenced defendant to 14 months in prison.

On appeal, defendant argued, *inter alia*, that the trial court erred in adjusting his criminal history during a single sentencing hearing. On the basis of our opinions in *State v. Bucholz*, 113 Or App 705, 834 P2d 456 (1992), and *State v. Miller*, 115 Or App 306, 838 P2d 79 (1992), we agreed. The Supreme Court reversed those decisions. *State v. Bucholz*, 317 Or 309, 855 P2d 1100 (1993); *State v. Miller*, 317 Or 297, 855 P2d 563 (1993). It held that multiple convictions sentenced at the same proceeding may be used to adjust the criminal history score, whether or not the convictions arose from offenses charged in a single or multiple indictments. In its motion for reconsideration, the state argues that, under the Supreme Court's opinions, the trial court did not err in sentencing defendant here.

.

■ Defendant makes two arguments in rebuttal to the state's position.[1] His first position is that the trial court erred, because it adjusted his criminal history score by including a conviction from the same criminal episode. Relying on the sentencing transcript, he explains: The trial court first imposed a year in jail on Count 1, the endangering conviction. It then imposed a consecutive additional year in jail for Count 2, the first incident of second-degree sexual abuse. Then, on the basis of "all" the convictions from all the offenses, the sentencing court

"on count 3's attempted second-degree sodomy ranked defendant's criminal history in category D (based on having two 'A' 'person' misdemeanors) and ordered a presumptive 6D sentence of 14 months in prison. This is where the court erred. Though both of the already-sentenced misdemeanors were 'A' 'person' misdemeanors, the first, for a minor's endangerment, is from the same episode as sentence 3's attempted sodomy. Under *Miller* and *Bucholz*, the endangering conviction could not be used to calculate defendant's criminal history on the first sodomy count."

Under *Bucholz*, defendant's argument appears to be well-taken. At the time defendant was sentenced, OAR 253-04-006(2) provided, in part:

"An offender's criminal history is based upon the number of adult felony and Class A misdemeanor convictions and juvenile adjudications in the offender's criminal history at the time the current crime or crimes of conviction is sentenced."

Although the Supreme Court did not directly address whether convictions arising from the same criminal episode could be counted in the criminal history, the court's analysis draws a distinction between unrelated and related convictions sentenced at the same proceeding. The court quoted the following commentary, which appeared to preclude convictions sentenced at the same proceeding from consideration in the criminal history:

"This reference to 'current crime or crimes of conviction' was intended to prohibit the consideration of convictions

---

[1] The state contends that defendant's only argument was that it is impermissible to adjust a criminal history score during a single sentencing hearing, and that under *Bucholz* and *Miller*, that argument is in error. However, we conclude that defendant's argument on appeal was broad enough to permit consideration of the contentions he makes on rebuttal to the state's motion here.

arising from the current proceeding in classification of the offender's criminal history. This prohibition applies even if the state can establish the chronological order in which the offenses were committed." *Oregon Sentencing Guidelines Implementation Manual* 51 (1989).

However, the court noted that that commentary could apply only

"to a case where several crimes are committed in a single criminal episode, because that sentence states that the 'prohibition applies even if the state can establish the chronological order in which the offenses were committed.' There should be no difficulty whatever establishing chronological order for offenses that are committed on different days and that are not part of a single criminal episode. Thus, the wording of the commentary makes the most sense if it is taken to be addressing only multiple convictions from a single criminal episode. Therefore, one could read the staff commentary to be speaking only of multiple offenses that are connected within one general criminal transaction." *State v. Bucholz, supra,* 317 Or at 318.

In *State v. Miller, supra,* the defendant was charged in a single indictment with crimes alleged to have occurred on three different dates. The court did not frame the issue as whether the convictions could be used interchangeably to adjust a criminal history score. Rather, it stated that the issue before it was whether the convictions entered in the *first series* of criminal acts could be counted in the criminal history for sentencing on the convictions for the second and third dates. That approach, in the light of the court's discussion in *Bucholz,* leads us to conclude that defendant is correct that his convictions, which arose "within one general criminal transaction," could not be used to enhance his criminal history score.

■    Defendant next argues that the court was limited to only one conviction when it sentenced him on the sodomy conviction:

"Because defendant was not yet sentenced on counts 4-6, and because count 1, part of count 3's criminal episode, could not be counted, defendant had only a conviction on count 2 for inclusion in his criminal history calculation."

It is defendant's position that a conviction that has not yet been sentenced cannot be included in the criminal history. He cites to *State v. McDonnell*, 306 Or 579, 581, 761 P2d 921 (1988), where the Supreme Court concluded that the statutory scheme concerning the conviction of criminal defendants includes (1) the act of pleading or being found guilty, (2) the trial judge's acceptance of the plea or verdict, (3) the conviction of the defendant and (4) the entry of sentence. Defendant argues that all four events must have occurred before an offense may be used to determine the criminal history calculation.

In *Bucholz* and *Miller*, the Supreme Court did not address when a conviction is considered to have occurred for purposes of criminal history. In 1992, the Guidelines Board issued new commentary to OAR 253-04-006(2):

> "For crimes committed on or after November 1, 1989, a conviction is considered to have occurred upon pronouncement of a sentence in open court. For crimes committed prior to November 1, 1989 a conviction is considered to have occurred upon pronouncement in open court of a sentence, or upon the pronouncement in open court of the suspended imposition of sentence." Supplement, *Sentencing Guidelines Implementation Manual* 6 (January, 1992).

That commentary was issued before defendant was sentenced in these cases, but neither *Bucholz* nor *Miller*, nor the parties here, cite it.[2] However, the commentary, although not controlling, is consistent with the statutory scheme outlined in *McDonnell*. We conclude that defendant also is correct that the court could not include in his criminal history score convictions that had not already been sentenced.

Reconsideration allowed; opinion modified; remanded for resentencing.

---

[2] The commentary was approved as an amendment to OAR 253-04-006(2) by the 1993 legislature. OAR 253-04-006(3) and OAR 253-03-001(18) were also repealed. Or Laws 1993, ch 692. OAR 253-04-006(3) required that multiple sentences imposed concurrently in a prior single judicial proceeding count as one conviction. OAR 253-03-001(18) defined "single judicial proceeding." Those rules were part of the court's analysis in *State v. Bucholz, supra*, 317 Or at 315. We specifically do not decide what effect, if any, the changes to the rules have on whether convictions arising from the same criminal proceeding may be calculated as part of the criminal history score.