On appellant's motions to reactivate case and for reconsideration filed January 12, defendant's motions to reactivate and to reconsider allowed; opinion (124 Or App 667, 862 P2d 115) withdrawn; affirmed February 22, 1995

## STATE OF OREGON,
*Respondent,*

*v.*

## WESLEY RAYMOND CROCKRELL,
*Appellant.*

(10-91-08474; CA A73594)

890 P2d 1014

Sally L. Avera, Public Defender, and Jesse Wm. Barton, Deputy Public Defender, for motion.

No appearance *contra*.

Before Riggs, Presiding Judge, and De Muniz and Leeson, Judges.

De MUNIZ, J.

**De MUNIZ, J.**

We allow defendant's motion to reactivate this case, held in abeyance pending the Supreme Court's decision in *State v. Kephart*, 320 Or 433, 887 P2d 774 (1994), and also allow his motion for reconsideration.

Defendant appealed his sentence after he was convicted, pursuant to a plea agreement, of rape in the first degree and sexual abuse in the first degree. He argued that the sentencing court erred when, at a single sentencing hearing, it first sentenced him on the sexual abuse conviction and then used that conviction to increase his criminal history score on the rape conviction. We reversed and remanded on the basis of our decisions in *State v. Seals*, 113 Or App 700, 833 P2d 1344 (1992), and *State v. Bucholz*, 113 Or App 705, 834 P2d 456 (1992). *State v. Crockrell*, 117 Or App 357, 844 P2d 239 (1992). On the state's motion, we withdrew that opinion on the ground that the sentence was not reviewable under *State v. Adams*, 315 Or 359, 847 P2d 397 (1993), and *State v. Johnston*, 120 Or App 165, 851 P2d 1156, *rev den* 317 Or 272 (1993). *State v. Crockrell*, 124 Or App 667, 862 P2d 115 (1993). On reconsideration, defendant contends that we erred.

■ Under *State v. Kephart, supra*, defendant is correct. Defendant's plea agreement was not the kind of stipulation that the legislature intended to be immune from review under ORS 138.222(2)(d). *See State v. Upton*, 132 Or App 579, 889 P2d 376 (1995). Accordingly, we withdraw our second opinion in this case.

■ On the merits, defendant loses. The trial court did not err in imposing sentence on the first conviction and then adjusting defendant's criminal history score for the purpose of imposing sentence on the conviction based on the later-in-time crime. *State v. Bucholz*, 317 Or 309, 855 P2d 1100 (1993); *State v. Miller*, 317 Or 297, 855 P2d 1093 (1993).

Defendant's motions to reactivate and to reconsider allowed; opinion withdrawn; affirmed.