Argued and submitted February 27, convictions affirmed; remanded for
resentencing November 19, 1997

STATE OF OREGON,
*Respondent,*

*v.*

SCOTT ARNOLD ALLEN,
*Appellant.*

(C951939CR; CA A91825)

948 P2d 745

Eric Johansen, Deputy Public Defender, argued the cause
for appellant. With him on the brief was Sally L. Avera,
Public Defender.

Timothy A. Sylwester, Assistant Attorney General, argued the cause for respondent. With him on the brief were Theodore R. Kulongoski, Attorney General, and Virginia L. Linder, Solicitor General.

Before Riggs, Presiding Judge, and Landau, Judge, and Richardson, Senior Judge.

LANDAU, J.

## LANDAU, J.

■ In this case involving multiple crimes arising from a single criminal episode, the trial court held that, as soon as it pronounced sentence on one of the crimes, that conviction became part of defendant's criminal history for the purpose of sentencing on the remaining crimes. Defendant argues that the trial court erred in doing so, because the applicable sentencing rule, OAR 253-04-006(2),[1] does not permit the "current crime or crimes of conviction" to be considered part of his criminal history. We agree and remand for resentencing.

On August 12, 1995, defendant ran a red light and collided with two cars that had properly entered the intersection. Several people were injured in the collision. Defendant ran away from the accident site, but several witnesses tracked him down and found him browsing in a nearby store. They brought defendant back to the accident site, where he later admitted to police that he had consumed alcohol before the accident. Subsequent blood samples indicated that defendant had been driving under the influence of alcohol.

A grand jury returned an 11-count indictment based on crimes that defendant had committed against five victims during the traffic accident. Defendant pleaded guilty to eight of the counts in return for dismissal of three others. Specifically, defendant pleaded guilty to two felony counts of third-degree assault (counts 1 and 2), four misdemeanor counts of fourth-degree assault (counts 3, 4, 5 and 6), a count of felony hit and run (count 7) and a misdemeanor count of driving under the influence (count 11).

At sentencing, the trial court found that the separate counts arose from a single criminal incident. It then sentenced defendant on count 1 and imposed the presumptive probationary sentence, with a 30-day jail sentence. Turning to count 2, the court adjusted defendant's criminal history

---

[1] In late 1995, the sentencing guidelines were amended in respects not material here and then were shifted from OAR chapter 253 to chapter 213. Because defendant committed these crimes in August 1995, his convictions are subject to the rule as it existed before the 1995 amendment and recodification. Therefore, unless otherwise indicated, this opinion refers to the 1993 version of the rule.

score based on the conviction on count 1 and imposed the 13-month presumptive sentence on that conviction and ordered that the sentence be served concurrently with the first. The court did so on the basis of its reading of OAR 253-04-006(2), which provides, in part:

> "An offender's criminal history is based upon the number of adult felony and Class A misdemeanor convictions * * * in the offender's criminal history at the time the current crime or crimes of convictions are sentenced. For crimes committed on or after November 1, 1989, a conviction is considered to have occurred upon the pronouncement of sentence in open court."

The court imposed probationary sentences on counts 3 through 6. The court then adjusted defendant's criminal history again, this time based on the convictions on counts 1, 3, 4, 5 and 6, and imposed the 19-month presumptive sentence on count 7 to be served concurrently with the other sentences. Finally, the court imposed a probationary sentence, with a 6-month jail term, on count 11.

On appeal, defendant challenges only two of the sentences: the 13-month prison sentence imposed on count 2 and the concurrent 19-month prison sentence imposed on count 7. His argument with respect to both sentences is that the trial court erred in adjusting his criminal history score based on the convictions on counts 1, 3, 4, 5 and 6. According to defendant, in *State v. Miller*, 317 Or 297, 855 P2d 1093 (1993), and *State v. Bucholz*, 317 Or 309, 855 P2d 1100 (1993), the Supreme Court construed OAR 253-04-006(2) (1989) to permit consideration only of convictions on crimes other than "the crime or crimes of conviction" for which he currently is being sentenced. The state acknowledges that the prior cases on which defendant relies define a defendant's criminal history as convictions for crimes committed during criminal episodes other than the one giving rise to the crimes on which the defendant currently is being sentenced. The state nevertheless contends that the trial court did not err for two reasons. First, the state argues that the legislature approved amendments to the rule that render the *Miller* and *Bucholz* decisions irrelevant. In the alternative, the state argues that defendant's crimes in this case arose out of separate criminal

episodes and so did not violate the rule, even under *Miller* and *Bucholz*.

We begin with the parties' arguments concerning the proper construction of the rule. Because the rule is subject to approval of the legislature, ORS 137.667, we attempt to ascertain the legislature's intentions, looking to the text of the rule in its context and, if necessary, its history and other relevant interpretive aids. *Bucholz*, 317 Or at 314; *PGE v. Bureau of Labor and Industries*, 317 Or 606, 610-12, 859 P2d 1143 (1993). As part of the context of the rule, we may examine its prior versions and succeeding changes in its language, *Krieger v. Just*, 319 Or 328, 336, 876 P2d 754 (1994), as well as prior judicial interpretation of the rule in its various iterations. *Stephens v. Bohlman*, 314 Or 344, 350 n 6, 838 P2d 600 (1992). We are instructed that the Supreme Court's prior construction actually becomes "part of the statute as if written into it at the time of enactment." *Id.*

OAR 253-04-006(2) originated in a rule promulgated by the Sentencing Guidelines Board and adopted, with amendments, by the legislature in 1989. The 1989 version provided, in part:

"(1) The Criminal History Scale includes nine mutually exclusive categories used to classify an offender's criminal history according to the extent and nature of the offender's *criminal history at the time the current crime of conviction was committed. * * **

"(2) *An offender's criminal history is based upon the number of adult felony and Class A misdemeanor convictions * * * in the offender's criminal history at the time the current crime or crimes of conviction is sentenced.*"

OAR 253-04-006(2) (1989) (emphasis supplied). During the legislative session at which the rule was approved, a member of the Criminal Justice Council explained the effect of the emphasized portion of the rule in the following terms:

"The defendant who's before you for sentencing on four different felonies at the same time—three of those are not to me prior convictions. They're present convictions. So you wouldn't count 'em as part of prior criminal history, no matter what rule you use for figuring prior criminal history."

Tape recording, House Judiciary Subcommittee on Crime, SB 1073, June 20, 1989, Tape 103, Side A at 1754.[2] Members of the committee who heard that explanation expressly concurred with it. *Id.*

Following legislative adoption of the rule, the Sentencing Guidelines Board prepared a commentary, which contains a similar explanation of the genesis and effect of the rule:

"This section * * * makes clear that a criminal history, for purposes of sentencing under these rules, is determined as of the time of sentencing. This provision ensures that the severity of the sentence is commensurate with offender's characteristics at the time he or she is sentenced.

"The Guidelines Board had originally adopted a rule which would only count prior convictions entered at the time the current crime of conviction was committed. This rule was intended to ensure that court proceedings not be manipulated by either the offender or the state to alter the offender's criminal history classification. The legislature, however, directed the Guidelines Board to amend this rule to provide that the offender's criminal history is to include all prior convictions * * * entered against the offender 'at the time the current crime or crimes of conviction is sentenced.' Section 98, Chapter 790, Oregon Laws 1989.

*"This reference to 'current crime or crimes of conviction' was intended to prohibit the consideration of convictions arising from the current proceeding in classification of the offender's criminal history.* This prohibition applies even if the state can establish the chronological order in which the offenses were committed.

"* * * * *

"For purposes of classifying an offender's criminal history, a 'conviction' * * * should be considered to have occurred upon the pronouncement of sentence in open court. This is a convention established only to provide continuity in the application of these rules with respect to convictions from other proceedings against the offender."

---

[2] During the 1989 legislative session, two sentencing guidelines bills were proposed, Senate Bill 1073 and House Bill 2250. Ultimately, the legislature enacted only HB 2250. The identical language of OAR 253-04-006(2) appeared in both bills, however.

Oregon Sentencing Guidelines Implementation Manual 50-51 (1989) (emphasis supplied).

In 1992, the Criminal Justice Council (Council) issued a supplement to the commentary, which contained a specific "advisory" concerning "currents as priors." The Council advised:

"Upon conviction, do offenses charged in the same accusatory instrument count towards an offender's criminal history? *Staff Advice*: No. The legislative record on this issue from the House Judiciary Subcommittee on Crime and Corrections (June 20, 1989) is clear, as is the Council's original intent. See the commentary on pages 50-51 of the 1989 Guidelines Implementation Manual concerning OAR 253-04-006(1), Criminal History Scale. *The reference to 'current crime or crimes of conviction' is intended to prohibit consideration of convictions arising from the current proceeding in the calculation of an offender's criminal history.*"

Supplement Sentencing Guidelines Implementation Manual 8 (1992) (emphasis supplied). The supplement also revised slightly the commentary concerning the precise timing of a "conviction" within the meaning of the rule:

"For crimes committed on or after November 1, 1989, a conviction is considered to have occurred upon pronouncement of a sentence in open court."

*Id.* at 6. Thus, according to the commentary, although a conviction occurs at the time a sentence has been pronounced in open court, that conviction may be considered part of an offender's criminal history only if it arose out of a different criminal incident from the one giving rise to the crime or crimes for which the offender currently is being sentenced.

*State v. Seals*, 113 Or App 700, 833 P2d 1344 (1992), presented the first opportunity for judicial construction of the rule. In that case, the defendant was charged with several crimes arising from a single "crime spree." *Id.* at 702. The defendant pleaded guilty to four counts. The trial court sentenced defendant on the first count and then adjusted the defendant's criminal history score on the basis of that conviction for the purpose of sentencing on the remaining counts. We reversed, holding that OAR 253-04-006(2) (1989) did not

permit the trial court to consider as part of the defendant's criminal history convictions arising out of the same incident that gave rise to the crimes for which he was about to be sentenced. We explained that the commentary clearly supported that intended construction of the rule and that, although perhaps not authoritative, the commentary accurately reflected the intentions of the legislature as revealed in the language of the rule and its legislative history. *Id.* at 703-04.

The Supreme Court then addressed the construction of the rule in *Bucholz*. In that case, the defendant committed two crimes, approximately one month apart. He was charged by two separate indictments. When he pleaded guilty to both charges, however, he was sentenced for both on the same date. After sentencing the defendant on the first charge, the trial court adjusted his criminal history score for the purposes of sentencing on the second. On appeal, defendant argued that OAR 253-04-006 (1989) precluded the adjustment. The court disagreed. After reviewing the legislative history that we have cited above, as well as the commentary and supplementary advisories from the Council, the court concluded that the legislature

> "distinguished between a single criminal episode, which they thought was not prior criminal history for use in sentencing on some other conviction from the same episode, and crimes from more than one episode."

*Bucholz*, 317 Or at 317. Because the defendant had been convicted of two crimes from two separate episodes, the court concluded, the trial court did not err in adjusting his criminal history on the basis of the first conviction. *Id.*

In *Miller*—decided the same day as *Bucholz*—the defendant was charged in a single indictment with multiple crimes on the basis of acts committed on three separate dates. The defendant pleaded guilty. The trial court sentenced the defendant on the first charge and then adjusted his criminal history for the purposes of sentencing on the charges arising out of the separate incidents. The court held that OAR 253-04-006 (1989) did not preclude the trial court from doing so, because, under *Bucholz*, the charges were based on separate criminal incidents:

"We recognize that the two separate series of acts in *Bucholz* were alleged in two separate indictments, not one indictment as in the present case. But, in *Bucholz*, all convictions from both indictments were sentenced in one session of court and on the same day, just as all convictions from the three series of criminal acts here were sentenced in one session of court. The happenstance of whether charges are made by separate indictments or together in one indictment does not alter the effect or the analysis of the legislatively adopted criminal history rule that we described in *Bucholz*. We hold that the rule for calculating criminal history, OAR 253-04-006(2), applies equally where acts from unrelated criminal episodes are combined in one proceeding and where sentences for the separate, unrelated acts are separately imposed, albeit in the same session of court and on the same day, regardless of whether the proceeding arises under one indictment or under two or more."

*Miller*, 317 Or at 301-02.

Thus, under *Seals*, *Bucholz* and *Miller*, convictions may be considered part of a defendant's "criminal history" within the meaning of OAR 253-04-006(2) (1989) only if they arose out of a separate criminal incident from the one that gave rise to the "current crime or crimes" for which the defendant is being sentenced.

While the appeals in *Bucholz* and *Miller* were pending, the 1993 Legislative Assembly adopted amendments to OAR 253-04-006. Pertinent to the arguments of the parties in this case is the amendment that defined precisely when a "conviction" occurs. The language of the amendment was taken verbatim from what had been expressed in the 1992 supplement to the commentary, so that the rule, as amended, reads as follows:

"An offender's criminal history is based upon the number of adult felony and Class A misdemeanor convictions * * * in the offender's criminal history at the time the current crime or crimes are sentenced. For crimes committed on or after November 1, 1989, a conviction is considered to have occurred upon the pronouncement of sentence in open court."

OAR 253-04-006(2).

In *State v. Plourd*, 125 Or App 238, 864 P2d 1367 (1993), we revisited the question whether OAR 253-04-006(2) (1989) precluded consideration of convictions arising from the same criminal episode as part of a defendant's "criminal history" within the meaning of the rule. After reviewing the *Bucholz* and *Miller* decisions, we concluded that the construction of the rule that we applied in *Seals* remained correct. *Plourd*, 125 Or App at 242. We noted that the legislature recently had amended the rule by incorporating into it language that previously had appeared in the commentary. We refrained, however, from expressing any opinion on the effect, if any, of the amendments. *Id.* at 243 n 2. That is the issue squarely presented in this case.

The state argues that the additional language taken from the commentary, stating that a conviction occurs upon the pronouncement of the sentence in open court, renders the *Seals*, *Bucholz*, *Miller* and *Plourd* decisions "irrelevant."[3] According to the state, the "plain language" of the rule requires courts to consider *any* prior conviction to be part of an offender's criminal history.

The difficulties with the state's argument are twofold. First, it fails to explain, beyond the mere assertion of the fact, why the "plain language" requires the result it asserts. Merely because a conviction occurs at the time sentencing is pronounced in open court does not mean that it must become, at that moment, part of the offender's criminal history. The state's construction, in fact, cannot be reconciled with the language in the rule that defines "criminal history" in terms of the record of convictions "at the time the current crime *or crimes* of conviction are sentenced." If, upon sentencing, each

---

[3] In its brief, the state argues that, because the amendments occurred shortly after the *Bucholz* and *Miller* decisions, "presumably, the 1993 Legislative Assembly was fully aware of the Supreme Court's very recent *Miller/Bucholz* decision when it directed the amendment," and, by approving amendments to the rule, it must have intended to change them. At oral argument, it was pointed out that, in fact, the amendments were enacted *before* the Supreme Court published its decisions in *Bucholz* and *Miller*, not after, and that the legislature therefore cannot be presumed to have known about—much less to have intended to "overrule"—those decisions. The state withdrew that argument.

crime becomes part of the criminal history, as the state suggests, then the reference in the rule to prior convictions at the time of the crimes of conviction becomes mere surplusage. We are instructed not to give a construction to enactments that renders portions of it meaningless, if possible. *See* ORS 174.010 (instructing courts "not to omit what has been inserted" when construing statutes).

The state's plain language argument is especially difficult to accept in light of the fact that the amendment regarding the timing of a "conviction" within the meaning of the rule merely incorporated into the text of the rule what previously had been expressed in the commentary. In other words, the rule now expressly states what it always has been understood to mean. In that regard, it bears emphasis that the commentary from which the 1993 amendment was taken explained both that the "current crime or crimes of conviction" cannot be considered part of an offender's criminal history *and* that convictions occur upon pronouncement of sentence in open court.

Second, and perhaps more importantly, the legislature left materially unchanged the language in the rule referring to "criminal history at the time of the current crime or crimes are sentenced." That language, as we have noted, was intended to exclude consideration of crimes committed in the same criminal episode for which a defendant currently is being sentenced. That same language expressly was construed by the Supreme Court to have precisely that effect. The court's construction, according to applicable principles of construction, remains in the rule "as if written into it at the time of its enactment." *Stephens*, 314 Or at 350 n 6. There is, therefore, no basis for concluding that the current rule means something different from what we and the Supreme Court have held that it means because of the addition of language that previously appeared in the commentary.

■ We turn, then, to the state's alternative argument that, even under *Bucholz* and *Miller*, the trial court did not err in this case, because the crimes in this case arose out of separate criminal episodes. ORS 131.505(4) defines "criminal episode" as

> "continuous and uninterrupted conduct that establishes at least one offense and is so joined in time, place and circumstances that such conduct is directed to the accomplishment of a single criminal objective."

In this case, the trial court found that the several charges arose out of a single criminal episode. The state does not cross-assign error to the trial court's finding. In any event, we conclude that the several counts at issue on appeal, each of which arose out of a single automobile accident, clearly arose out of a single criminal episode.

The state suggests that, if we conclude that defendant is correct as to his arguments on appeal, we should remand the entire case for resentencing. We agree. *See* 138.222(5); *State v. Dvorak*, 124 Or App 578, 580, 863 P2d 1314 (1993), *rev den* 318 Or 351 (1994).

Convictions affirmed; remanded for resentencing.