WALTERS, J.,
dissenting.
I respectfully dissent. As the majority acknowledges, this case requires this court to interpret the rule for determining a defendant’s criminal history score, OAR 213-004-0006(2). I would interpret that rule to permit a sentencing court to include, as part of a defendant’s criminal history, only those convictions that preceded the hearing at which a defendant’s “current crime or crimes” are sentenced. I would reverse defendant’s sentence and remand to the trial court for resentencing.
The majority interprets OAR 213-004-0006(2) as providing a “textual directive” that a sentencing court must base an offender’s criminal history score on the number of convictions that exist at the time each crime is sentenced. 358 Or at 165. The majority then recognizes a “departure” from that rule when the offenses being sentenced arise out of a single criminal episode. Id. The majority finds the basis *169 for that departure not in the rule itself or in a case decided by this court, but in the fact that the Court of Appeals recognized such a “departure” in State v. Plourd, 125 Or App 238, 864 P2d 1367 (1993). The majority then decides, as a matter of first impression, that that departure constitutes an exception to the textual requirement rather than a prerequisite to its application. 358 Or at 164. It follows, the majority concludes, that the rule does not implicate Apprendi v. New Jersey, 530 US 466, 120 S Ct 2348, 147 L Ed 2d 435 (2000).
I would start, as the majority does, with the text of the rule, which provides:
“An offender’s criminal history is based upon the number of adult felony and Class A misdemeanor convictions and juvenile adjudications in the offender’s criminal history at the time the current crime or crimes of conviction are sentenced.”
OAR 213-004-0006(2). In cases where a defendant is sentenced for multiple crimes of conviction, that rule raises an interpretative question — namely, whether the phrase “at the time the current * * * crimes of conviction are sentenced” refers to the current sentencing proceeding itself or, instead, refers to individual sentences handed down for individual offenses during the same sentencing proceeding.
That question is answered by the rule’s reference to the plural “crimes of conviction,” id. (emphasis added), which the majority fails to address. The rule directs courts to base an offender’s criminal history on the number of convictions at the time that “the current crime or crimes of conviction are sentenced.” OAR 213-004-0006(2). When a court is sentencing an offender for multiple crimes (plural), the rule directs the court to count only criminal history that existed prior to the time that the crimes (plural) are sentenced. In other words, the “current * * * crimes of conviction” are not “sentenced,” id., until each current crime of conviction has been sentenced.
That understanding accords with the rule’s commentary and legislative history as recounted in State v. Seals, 113 Or App 700, 833 P2d 1344 (1992). In Seals, the court laid out the commentary for former OAR 253-04-006(2) (1993), renumbered as OAR 213-004-0006(2) (1996), *170 and then explained that it accurately reflected the legislature’s intent. Id. at 702-04. The commentary, as quoted by the court, provides:
“‘This section also makes clear that a criminal history, for purposes of sentencing under these rules, is determined as of the time of sentencing. This provision ensures that the severity of the sentence is commensurate with offender’s characteristics at the time he or she is sentenced.
“‘The Guidelines Board had originally adopted a rule which would only count prior convictions entered at the time the current crime of conviction was committed. This rule was intended to ensure that court proceedings not be manipulated by either the offender or the state to alter the offender’s criminal history classification. The legislature, however, directed the Guidelines Board to amend this rule to provide that the offender’s criminal history is to include all prior convictions or juvenile adjudications entered against the offender “at the time the current crime or crimes of conviction is sentenced.” Section 98, Chapter 790, Oregon Laws 1989.’

‘“This reference to “current crime or crimes of conviction” was intended to prohibit the consideration of convictions arising from the current proceeding in classification of the offender’s criminal history. This prohibition applies even if the state can establish the chronological order in which the offenses were committed.’

“‘In short, the legislative intent was to capture as accurately as possible the offender’s criminal record at the time of sentencing without encouraging the manipulation of court proceedings as a means to affect the offender’s criminal history classification.’ Oregon Sentencing Guidelines Implementation Manual 50 (1989).”
Id. at 702-03 (emphasis in Seals). The legislature’s intent, as described by the court, is consistent:
“Although the commentary is not authoritative, here it accurately reflects the legislative intent. The language of OAR 253-04-006(2) was adopted from an amendment offered by Representative Clark. The discussion was directed to the impact of the rule on projected prison populations. Criminal Justice Council staff member Ashford explained the effect of the proposed change in OAR 253-04-006(2):
*171 “‘By counting criminal history from date of sentencing, offenders who are being sentenced for multiple offenses could have counted in their criminal history the multiple offenses — the current multiple offenses, because they have been theoretically convicted of them and that’s what’s driving those numbers up. If the intention of the committee is only to count as prior convictions, convictions unrelated to the current, then the impact figures would be very low.’
“The concern was to clarify that the amendment was not intended to result in increased prison population. The legislators agreed with the explanation provided by Circuit Court Judge Ellis, an associate member of the Criminal Justice Council, who testified:
“‘The defendant who’s before you for sentencing on four different felonies at the same time — three of those are not to me prior convictions. They’re present convictions. So you wouldn’t count [them] as part of prior criminal history, no matter what rule you use for figuring prior criminal history.’”
Id. at 703-04 (emphasis in Seals) (footnotes omitted).
Based on that understanding of the commentary and legislative history, the Court of Appeals concluded that former OAR 253-04-006(2) (1993), renumbered as OAR 213-004-0006(2) (1996), comported “with the principle underlying the guidelines to punish offenders within the limits of correctional resources,” and held that the only criminal history a sentencing court could count was the criminal history in place before the current crime or crimes of conviction were sentenced. Id. at 704.
The Court of Appeals reached the same conclusion in State v. Bucholz, 113 Or App 705, 707, 834 P2d 456 (1992), but the Supreme Court reversed, State v. Bucholz, 317 Or 309, 321, 855 P2d 1100 (1993). The Supreme Court read the text of the rule to permit a court that is sentencing multiple convictions in the same proceeding to include the first conviction that it sentences in calculating a defendant’s criminal history score for the second conviction. Id. The Supreme Court discounted the commentary and legislative history described above by characterizing both as “distinguish [ing] between a single criminal episode, which they thought was *172 not prior criminal history for use in sentencing on some other conviction from the same episode, and crimes from more than one episode.” Id. at 317.
This court was wrong in Bucholz. Its characterization of the commentary and legislative history does not fairly represent those sources, which spoke directly to the issue presented in that case. Further, the court ignored the rule’s reference to “crimes” (plural) of conviction. This case requires that we reconsider Bucholz and correct that error.
Instead of doing so, however, the majority reinterprets OAR 213-004-0006(2) and relies primarily on a sentence that was added to the rule after the Supreme Court decided Bucholz: “For crimes committed on or after November 1, 1989 a conviction is considered to have occurred upon the pronouncement of sentence in open court.” OAR 213-004-0006(2). The majority apparently concludes that that sentence makes the Supreme Court’s interpretation in Bucholz correct. I disagree and, again, I can do no better than quote the Court of Appeals’ reasoning — this time on the effect of that amendment:
“The state argues that the additional language taken from the commentary, stating that a conviction occurs upon the pronouncement of the sentence in open court, renders the Seals, Bucholz, Miller and Plourd decisions ‘irrelevant.’ According to the state, the ‘plain language’ of the rule requires courts to consider any prior conviction to be part of an offender’s criminal history.
“The difficulties with the state’s argument are twofold. First, it fails to explain, beyond the mere assertion of the fact, why the ‘plain language’ requires the result it asserts. Merely because a conviction occurs at the time sentencing is pronounced in open court does not mean that it must become, at that moment, part of the offender’s criminal history. The state’s construction, in fact, cannot be reconciled with the language in the rule that defines ‘criminal history’ in terms of the record of convictions ‘at the time the current crime or crimes of conviction are sentenced.’ If, upon sentencing, each crime becomes part of the criminal history, as the state suggests, then the reference in the rule to prior convictions at the time of the crimes of conviction becomes mere surplusage. We are instructed not to give a construction to enactments that renders portions of it meaningless, *173 if possible. See ORS 174.010 (instructing courts ‘not to omit what has been inserted’ when construing statutes).
“The state’s plain language argument is especially difficult to accept in the light of the fact that the amendment regarding the timing of a ‘conviction’ within the meaning of the rule merely incorporated into the text of the rule what previously had been expressed in the commentary. In other words, the rule now expressly states what it always has been understood to mean. In that regard, it bears emphasis that the commentary from which the 1993 amendment was taken explained both that the ‘current crime or crimes of conviction’ cannot be considered part of an offender’s criminal history and that convictions occur upon pronouncement of sentence in open court.
“Second, and perhaps more importantly, the legislature left materially unchanged the language in the rule referring to ‘criminal history at the time of the current crime or crimes are sentenced.’ That language, as we have noted, was intended to exclude consideration of crimes committed in the same criminal episode for which a defendant currently is being sentenced.”
State v. Allen, 151 Or App 281, 290-91, 948 P2d 745 (1997) (emphases in original) (footnotes omitted).
I agree. When a trial court is sentencing a defendant for multiple crimes, OAR 213-004-0006(2) does not provide a “textual directive” to trial courts to count crimes that are sentenced in the current sentencing proceeding as part of a defendant’s criminal history. It does the opposite: It directs trial courts to count only those convictions that preceded the hearing at which a defendant’s “current crime or crimes” are sentenced.
And even if the majority’s interpretation of the rule were correct, the majority would not be correct to recognize a “departure” from that rule based on the “departure” recognized by the Court of Appeals in Plourd. If trial courts are permitted to depart from the “unqualified” directive that the majority identifies, it is the rule that must permit that departure. Plourd drew on the Supreme Court’s “discussion in Bucholz” for its conclusion that the defendant in that case was “correct that his convictions, which arose within one general criminal transaction, could not be used to enhance *174 his criminal history score.” 125 Or App at 242 (internal quotation marks omitted). In this case, the majority describes the “discussion” in Bucholz as doing no more than holding out the “possibility * * * that the rule might not apply if the offenses being sentenced arose out of a single criminal episode.” 358 Or at 164.
I do not see how we can determine whether a “departure” that we have not ourselves recognized constitutes a prerequisite to counting a prior conviction as part of a defendant’s criminal history or an exception from doing so before we decide whether to recognize that “departure.” And to decide whether to recognize such a departure takes us back to the text of the rule and its commentary and legislative history. In conducting that analysis, I would adopt the reasoning of the Court of Appeals in Seals and Allen.
I do not understand why the majority, feeling compelled to dip, does not plunge. If, as it appears, the majority is not willing to stand on Bucholz for its interpretation of OAR 213-004-0006(2), and is willing to reconsider its text, then the majority should give that text its full due and also consider its commentary and legislative history. If it were to do so, I believe that this court would decide, as did the Court of Appeals, that a sentencing court may count as a part of a defendant’s criminal history only those convictions that preceded the hearing at which a defendant’s “current crime or crimes” are sentenced.
I also disagree with the majority’s further reasoning that the “departure” recognized in Plourd is best understood as an exception to the textual requirement that it identifies, and that such an exception mitigates the defendant’s sentence and does not implicate Apprendi.
As to the first point, even if OAR 213-004-0006(2) is intended to permit a court to count convictions sentenced in a current proceeding in calculating a defendant’s criminal history, the rule should not be understood as creating (1) a general rule that all prior convictions be counted and (2) an exception to that rule for prior convictions arising out of the same criminal episode. Instead, the rule is best understood as presenting the trial court with one binary question *175 of fact: whether the prior conviction arose from a separate criminal episode or from the same criminal episode.
As the majority acknowledges, the court reasoned in Bucholz that “‘[t]he legislators present distinguished between a single criminal episode, which they thought was not prior criminal history for use in sentencing on some other conviction from the same criminal episode, and crimes from more than one criminal episode.’” 358 Or at 163 (quoting Bucholz, 317 Or at 317) (emphasis added). Thus, even if the rule is intended to permit the calculation that the majority says it does, the rule is intended to calculate the criminal history score by distinguishing between the same criminal episode and separate criminal episodes. A “separate criminal episode” finding makes the criminal history rule applicable, and a “same criminal episode” finding makes the criminal history rule inapplicable. As a result, the rule sets up a decision tree with a “distinction,” and not a general rule with a “departure.”
The trial court’s finding in this case was consistent with that structure. The trial court did not recognize a general rule and then find an exception. Instead, the trial court made a finding that permitted it to count defendant’s convictions in calculating his criminal history — that defendant’s convictions were for offenses that arose out of separate criminal episodes. Had the trial court instead found that defendant’s convictions were for offenses that arose out of the same criminal episode, the trial court would not have been permitted to count defendant’s previously sentenced convictions in calculating his criminal history.
Second, I doubt that the applicability of Apprendi depends on the fine line between whether the rule creates a decision tree with a distinction or a general rule with a “departure.” The difference may be recognized in construing insurance policies, as the majority notes, but I would not give it constitutional significance, particularly when the legislative history does not demonstrate that the legislature was aware of it.
Rather, I would focus, as the Court did in Apprendi, on whether the defendant received a sentence beyond the *176 prescribed statutory maximum for the offense. Apprendi, 530 US at 490. Under Apprendi, the prescribed statutory maximum is the maximum sentence that the trial court can impose based on only the facts alleged in the indictment and either reflected in the jury verdict or admitted by the defendant. Id. (facts that increase the penalty beyond “statutory maximum” must be found by jury and proven beyond a reasonable doubt); see also Blakely v. Washington, 542 US 296, 303, 125 S Ct 2531, 159 L Ed 2d 403 (2004) (“[T]he ‘statutory maximum’ for Apprendi purposes is the maximum sentence a judge may impose solely on the basis of the facts reflected in the jury verdict or admitted by the defendant.” (Emphasis omitted.)); State v. Dilts, 337 Or 645, 652,103 P3d 95 (2004) (“statutory maximum” is the presumptive sentence based on facts alleged in indictment and admitted by defendant in his guilty plea). A defendant’s criminal history is generally not alleged in an indictment and therefore is generally not admitted by the defendant in a guilty plea or reflected in a jury verdict. Thus, as the Court recognized in Apprendi, a defendant’s criminal history is a fact that “increases the penalty for a crime beyond the prescribed statutory maximum.” Apprendi, 530 US at 490.
Nevertheless, in Apprendi, the Court recognized what it characterized as a “narrow exception” to its rule that facts that increase a defendant’s sentence beyond the “statutory maximum” must be found by a jury. Id. (emphasis added). The Court explained that, in keeping with its prior decision in Almendarez-Torres v. United States, 523 US 224, 118 S Ct 1219, 140 L Ed 2d 350 (1998), a jury need not determine any “fact of prior conviction” in determining the length of a defendant’s sentence. Apprendi, 530 US at 488 (internal quotation marks omitted). The Court reasoned that the procedural safeguards attached to a fact of prior conviction, and the fact that the defendant did not challenge the accuracy of that fact, “mitigated the due process and Sixth Amendment concerns otherwise implicated in allowing a judge to determine a ‘fact’ increasing punishment beyond the maximum of the statutory range! Id. (emphasis added). Not only did the Court in Apprendi discuss a defendant’s prior conviction as a fact that increases a defendant’s punishment beyond the statutory maximum, but there would be no need for an exception *177 to the Apprendi rule if a defendant’s criminal history could be considered to be mitigating rather than enhancing.
My Apprendi analysis may be mistaken, and there may be reasons that I have not discussed that make Apprendi inapplicable here. I need not dwell on those federal issues for purpose of this dissent, however. I write not to speak definitively about federal law, but because, in reaching the federal issues presented in this case, the majority is required to construe state law. In my view, the majority’s interpretation of state law is flawed. I respectfully dissent.
Landau, J., and Brewer, J., join in this dissenting opinion.