Argued and submitted November 7, affirmed December 4, 1991

## STATE OF OREGON,
### *Respondent,*

*v.*

## JERRY EVERETTE LAMB, JR.
### *Appellant.*

### (90-112404; CA A68953)

822 P2d 143

Larry Wright, Salem, argued the cause and filed the brief for appellant.

Jas. Adams, Assistant Attorney General, Salem, argued the cause for respondent. With him on the brief were Dave Frohnmayer, Attorney General, and Virginia L. Linder, Solicitor General, Salem.

Before Warren, Presiding Judge, and Riggs and Edmonds, Judges.

PER CURIAM

## PER CURIAM

Defendant appeals a conviction for being a felon in possession of a firearm. ORS 166.270. He assigns as error the denial of his motion for judgment of acquittal. We affirm.

In 1980, defendant was convicted of second degree burglary, first degree theft and manufacture of a controlled substance. At that time, ORS 166.270 prohibited felons from owning, possessing or having custody or control of "any pistol, revolver, or other firearms capable of being concealed on the person, or machine gun * * *." In 1989, the legislature amended ORS 166.270 to prohibit felons from owning, possessing or having custody or control of *any* firearm.[1] Or Laws 1989, ch 839, § 4. In September or October, 1990, defendant bought a rifle. He was also in possession of some other rifles. Thereafter, he was convicted under the amended version of ORS 166.270.

Defendant argues that the application of *amended* ORS 166.270 to him violates the prohibitions against *ex post facto* legislation, US Const, Art I, § 8; Or Const, Art I, § 21, because it imposes greater punishment for his 1980 crimes than that authorized at the time. The prohibition against defendant's possessing any firearms does not constitute "punishment" under the *Ex Post Facto* Clauses of the Oregon or federal constitutions. *See State v. Burke*, 109 Or App 7, 818 P2d 511 (1991).

Affirmed.

---

[1] The amendments took effect on January 1, 1990. Or Laws 1989, ch 839, § 41.