Argued and submitted October 14, 1999, decision of Court of Appeals and judgment of circuit court affirmed June 21, 2001

## STATE OF OREGON,
### *Respondent on Review,*

*v.*

## ANTHONY CHRISTOPHER ALLEN,
### *Petitioner on Review.*

### (CC 9609-36939; CA A96648; SC S46012)

26 P3d 814

Dan Maloney, Deputy Public Defender, Salem, argued the cause and filed the brief for petitioner on review. With him on the brief was David E. Groom, State Public Defender.

Timothy A. Sylwester, Assistant Attorney General, Salem, argued the cause and filed the brief for respondent on review. With him on the brief were Hardy Myers, Attorney General, and Michael D. Reynolds, Solicitor General.

Before Carson, Chief Justice, and Gillette, Durham, Leeson, and Riggs, Justices.**

GILLETTE, J.

---

** Van Hoomissen, J., retired December 31, 2000, and did not participate in the decision of this case; Kulongoski, J., resigned June 14, 2001, and did not participate in the decision of this case; De Muniz, J., did not participate in the consideration or decision of this case.

**GILLETTE, J.**

This is a criminal case in which a jury convicted defendant of the crimes of burglary in the first degree, ORS 164.225, and aggravated theft in the first degree, ORS 164.057. At the beginning of *voir dire*, the trial judge excused a prospective juror because the prospective juror acknowledged that he was ineligible to serve by virtue of a provision of a then-recently-passed constitutional initiative, Ballot Measure 40 (1996). After defendant's conviction, this court declared that initiative unconstitutional. *See Armatta v. Kitzhaber*, 327 Or 250, 959 P2d 49 (1998) (so holding). By that time, however, the legislature had passed an act— Senate Bill (SB) 936—that contained versions, some of them modified, of many of the same provisions as Measure 40. SB 936 included a section excluding prospective jurors like the prospective juror in the present case from serving in criminal trials. On defendant's appeal to the Court of Appeals, defendant's sole assignment of error was that the trial court erred in excluding the juror. The state responded that defendant's conviction should be affirmed, because the trial judge's decision to exclude the juror was valid under SB 936. The Court of Appeals affirmed defendant's conviction without opinion. *State v. Allen*, 157 Or App 397, 972 P2d 1230 (1998). We allowed defendant's petition for review and, for the reasons that follow, now affirm the decision of the Court of Appeals.

Defendant committed the offenses in question on April 22, 1996. Thereafter, and before defendant was brought to trial, the people at an election on November 5, 1996, approved Measure 40, which became effective on December 5, 1996.[1] Section 1(g) of that measure provided that no person could serve as a juror in a criminal case who was not a registered voter or who had been convicted of a felony or served a felony sentence within the preceding 15 years. At defendant's trial, which occurred on December 19-23, 1996, a prospective juror was excused from consideration for service after he acknowledged that he was ineligible to serve under section

---

[1] Ballot Measure 40 became Article I, section 42, of the Oregon Constitution. We refer to it here by its popular sobriquet.

1(g).[2] The jury that was empaneled convicted defendant of both charges against him.

After defendant's trial, the 1997 Legislature passed SB 936 (Or Laws 1997, ch 313), which provided, *inter alia*:

"(3)(a)  Any person is eligible to act as a juror in a criminal trial, *beginning on or after December 5, 1996,* unless the person:

"* * * * *

"(E)  Has been convicted of a felony or served a felony sentence within the prior 15 years; or

"(F)  Is not registered to vote."

Or Laws 1997, ch 313, § 9b (emphasis added). The same enactment further provided:

"The remaining provisions of this Act [including section 9b] apply to all criminal actions pending or commenced on or after December 5, 1996 * * *."

Or Laws 1997, ch 313, § 38.

On appeal, both parties proceeded on the assumption that the legislature intended section 9b to apply to defendant's case. Defendant nonetheless argued that, because SB 936 had not yet been passed when he was tried, it legally could not be applied to him. He further argued that, even if SB 936 legally could be applied to him, it is unconstitutional, because Measure 40 was unconstitutional. The state responded that SB 936 did apply to defendant's case and that the trial court had not erred, because SB 936 required the court to do the same thing that Measure 40 had required, *viz.*, exclude the potential juror. As noted, the Court of Appeals affirmed without opinion.

Before this court, defendant makes two distinct arguments. He argues, first, that SB 936 is unconstitutional in its entirety on a variety of grounds. We have considered

---

[2] The prospective juror acknowledged only that he was a person within a group excluded from service by section 1(g). Defendant did not attempt to establish (and the record does not otherwise reveal) to which group—felon or nonvoter—the excluded prospective juror belonged.

those arguments and decided them against defendant's position in *State v. Fugate*, 332 Or 195, 26 P3d 802 (2001).

Defendant's second set of arguments raises questions of the constitutionality of SB 936 as it is applied to his case. We address each of those arguments briefly.

Defendant argues that applying SB 936 to his case violates the rule against *ex post facto* laws in Article I, section 21, of the Oregon Constitution,[3] and Article I, section 10, of the United States Constitution.[4] This court explained the scope and function of the Oregon prohibition against *ex post facto* laws in *Fugate*, 332 Or at 210-13. One of the purposes of the prohibition—and the one on which defendant relies—is to prevent the legislature from altering evidentiary and procedural rules to make the obtaining of a conviction easier than it would have been at the time defendant allegedly committed the offense. *See id.* at 213. Defendant argues that exclusion, under SB 936, of certain convicted felons and of persons not registered to vote is an *ex post facto* law. We are not persuaded. Section 9b is, on its face, neutral. Moreover, even if it could be said that at least the *former felon* exclusion rule might make convicting defendant easier, the record here does not establish that the juror was disqualified for that reason. Defendant is not entitled to prevail under Article I, section 21, of the Oregon Constitution.

Defendant points to no case decided under Article I, section 10, of the United States Constitution, that would dictate a different outcome under that provision. Defendant's argument under Article I, section 10, also fails.

Defendant separately asserts that application of section 9b of SB 936 to his case somehow violates principles of "fundamental fairness" embedded in the Due Process Clause of the Fourteenth Amendment to the United States Constitution. As we understand it, defendant's theory is that (1) he is entitled to a jury that is drawn from a fair cross section of the community, *Taylor v. Louisiana*, 419 US 522, 95 S Ct 692,

---

[3] Article I, section 21, of the Oregon Constitution, provides, in part: "No *ex-post facto* law * * * shall ever be passed * * *." (Emphasis in original.)

[4] Article I, section 10, of the United States Constitution, provides, in part: "No State shall * * * pass any * * * ex post facto Law * * *."

42 L Ed 2d 690 (1975); and (2) excluding certain former felons and persons not registered to vote from the jury pool violates that principle.

We need not address the correctness of the factual predicate for defendant's theory, because he raised it too late in these proceedings. At bottom, the substance of defendant's argument is that the jury pool is not being selected lawfully. Under Oregon law, such arguments must be presented to the trial court before *voir dire* of the jury. ORS 136.005.[5] Defendant did not make a timely challenge under that statute. He cannot prevail on his theory now.

Defendant also asserts that removal of the juror offended what he labels his "structural" right to a fair trial. This court has yet to decide whether it would consider using a "structural defect" analysis under the Oregon Constitution. *See State v. Wilson*, 323 Or 498, 505 n 5, 918 P2d 826 (1996) (so stating). We shall assume, for purposes of this opinion, that this is an argument that defendant now may raise, in spite of the limitation found in ORS 136.005. But we do not know in this case why this prospective juror was disqualified under section 9b of SB 936. Therefore, this is not a case in which this court has the "structural defect" issue squarely and clearly presented. We decline to address it.

The United States Supreme Court has recognized such a "structural defect" analysis. *See, e.g., Arizona v. Fulminante*, 499 US 279, 306-10, 111 S Ct 1246, 113 L Ed 2d 302 (1991) (recognizing class of cases involving "structural defect" in criminal proceeding). However, defendant points to no case—and we are aware of none—that would apply such a "structural defect" analysis to juror exclusions of the kind required under either category of section 9b.

The decision of the Court of Appeals and the judgment of the circuit court are affirmed.

---

[5] ORS 136.005 provides:

"(1) The district attorney or the defendant in a criminal action may challenge the jury panel on the ground that there has been a material departure from the requirements of the law governing selection of jurors.

"(2) A challenge to the panel shall be made before the voir dire examination of the jury."