Argued and submitted May 29, affirmed July 3, 2002

# STATE OF OREGON,
*Respondent,*

*v.*

# JACK VERL HURD,
*Appellant.*

## 200005768; A111275

49 P3d 107

David E. Groom, Acting Executive Director, Public Defense Services, and Robin A. Jones, Senior Deputy Public Defender, filed the brief for appellant.

Hardy Myers, Attorney General, Michael D. Reynolds, Solicitor General, and Jennifer S. Lloyd, Assistant Attorney General, filed the brief for respondent.

Before Landau, Presiding Judge, and Deits, Chief Judge, and Brewer, Judge.

BREWER, J.

**BREWER, J.**

Defendant appeals from his sentence on a conviction for felony driving under the influence of intoxicants (DUII). ORS 813.010. He asserts that the sentence violates the *ex post facto* prohibitions of the United States Constitution and the Oregon Constitution,[1] because, in calculating his criminal history score, the trial court applied a sentencing guideline rule, OAR 213-004-0009 (1999), that reclassified the crime seriousness levels of his prior DUII convictions.[2] We affirm.

Defendant committed the offense underlying his current conviction on January 23, 2000. He was prosecuted and convicted under ORS 813.010(5), which classifies as a felony any DUII committed by a person having more than three prior DUII convictions within the previous 10 years. ORS 813.010(5) took effect on December 31, 1999. Or Laws 1999, ch 1049, § 8(1). At the time of his current offense, defendant had eight prior convictions for misdemeanor DUII, each arising from acts committed before 1999.

In conjunction with the enactment of the felony DUII statute, the Oregon Criminal Justice Commission amended OAR 213-004-0009 (the 1999 rule). That rule, effective November 1, 1999, provides:

"In determining criminal history for a person convicted of a felony that has operation of a motor vehicle as an element, or of a felony that involved death, injury or property damage caused by the use of a motor vehicle:

"(1) Every two prior convictions for misdemeanor driving while under the influence of intoxicants or comparable statutory offense or ordinance violation in the offender's criminal history shall be counted as one conviction of felony driving under the influence of intoxicants; and

---

[1] Article I, section 10, of the United States Constitution, provides that "[n]o State shall * * * [pass] any * * * *ex post facto* Law * * *." Article I, section 21, of the Oregon Constitution, provides that "[n]o *ex post facto* law * * * shall ever be passed * * *."

[2] Defendant's remaining assignment of error is moot and, therefore, does not require discussion.

"(2)  Each felony conviction for driving under the influence of intoxicants shall be counted as a person felony and each misdemeanor conviction for driving under the influence of intoxicants shall be counted as a person Class A misdemeanor."

The previous version of the rule applied only if the current crime of conviction was manslaughter or criminally negligent homicide committed with a vehicle. It also provided that every three, rather than every two, prior DUII convictions would be counted as a person felony. OAR 213-004-0009 (1996).

In accordance with the 1999 rule, the trial court counted each of defendant's prior DUII convictions as a person misdemeanor, and it counted every two of those convictions as one felony DUII conviction. As a result, the court calculated defendant's criminal history score at gridblock 6-A and sentenced defendant accordingly. Defendant appeals from the ensuing judgment.

■    Defendant acknowledges that the trial court applied the version of the rule that was in effect when he committed his current offense. He contends, however, that application of the 1999 rule violates constitutional *ex post facto* prohibitions because, when he committed his eight prior DUII offenses, "he had no notice" that his conduct "could, in the future, constitute a more serious offense than it did at the time he engaged in the conduct."

■ ■    Although defendant makes both state and federal constitutional challenges, we first consider his argument under Article I, section 21, of the Oregon Constitution. *State v. Fugate*, 332 Or 195, 210, 26 P3d 802 (2001). "Generally speaking, *ex post facto* laws punish acts that were legal at the time they occurred, change the punishment for those acts, or deprive the defendant of a defense for those acts." *State v. Gallant*, 307 Or 152, 155, 764 P2d 920 (1988). Defendant's challenge addresses the second prohibition of the doctrine by asserting, in effect, that the 1999 rule increased the punishment for his prior DUII convictions.

"Whether a given statute imposes greater or additional 'punishment' for *ex post facto* purposes involves a two-step

inquiry. The first step is to determine whether the legislative purpose of the statute was punitive. If so, that ends the matter. If not, the second step is to determine whether any punitive effect of the statute is so great as to negate the legislature's nonpunitive intention." *Mannelin v. DMV*, 176 Or App 9, 16, 31 P3d 438 (2001), *rev allowed* 334 Or 121 (2002).

Defendant argues that, in assessing an appropriate sanction for a current crime, a defendant's prior criminal history is considered "for an expressly punitive purpose." In defendant's view, the 1999 rule is punitive not only with respect to his *current offense* but it also increases the punishment for his *prior convictions* and, therefore, violates Article I, section 21. A brief review of the cases on which defendant relies, and others that defendant does not discuss, reveals that he is mistaken.

Defendant relies primarily on *State v. Cookman*, 324 Or 19, 920 P2d 1086 (1996). In *Cookman*, the Supreme Court reviewed in detail the history and scope of the Oregon and federal *ex post facto* prohibitions. The court made two statements on which defendant seizes to buttress his argument. First, it described the thrust of Article I, section 21, in this way:

> "In short, the focus of this provision is on the time when a law takes effect, *State v. Robertson*, 293 Or 402, 408 n 4, 649 P2d 569 (1982): A law may not affect events to which it relates retroactively, if those events occurred before the law's effective date." *Cookman*, 324 Or at 26.

Second, the court quoted with approval the Indiana Supreme Court's description of Article I, section 21's, ancestor provision in the Indiana Constitution as prohibiting laws that "increase the malignity of a crime." *Id.* at 28 (quoting *Strong v. The State*, 1 Blackf 193, 196 (1822)). Focusing exclusively on his prior convictions, defendant contends that the 1999 rule impermissibly affects conduct to which it relates retroactively and increases the malignity of that conduct.

Defendant overlooks the specific circumstances at issue in *Cookman*. The question there was whether Article I, section 21, prohibited the retroactive application of an amended criminal statute of limitations that extended the period of limitations for certain sex offenses so as to revive

crimes that already were time barred when the amendment took effect. 324 Or at 31-32. The court held that retroactive application of the amendment was prohibited because "[a]n application of an extended period of limitations to revive a prosecution that already became time-barred before the effective date of the extension necessarily deprives a defendant of that complete defense." *Id.* at 32. Unlike the circumstances here, *Cookman* involved only the defendant's current charge; it did not discuss the relationship, for *ex post facto* purposes, between the penalty for a current offense and a defendant's previous convictions.

The same is true of *Fugate*, which defendant cites for the proposition that *ex post facto* principles forbid " '[e]very law that aggravates a crime, or makes it greater than it was, when committed.' " 332 Or at 212 (quoting *Calder v. Bull*, 3 US (3 Dall) 386, 390-91, 1 L Ed 648 (1798)). *Fugate* involved the application of a new law, Oregon Laws 1997, chapter 313, section 1 (section 1 of Senate Bill 936), that altered the rules of evidence in a way that made the defendant's conviction on a *current charge* more likely. 332 Or at 214-15. Because it had that effect, the court held that section 1 could not be applied retroactively to defendants whose offenses were committed before its effective date. Again, though, *Fugate* had nothing to do with the relationship between the punishment for a current charge and the defendant's prior convictions.

The differences between the circumstances in *Cookman* and *Fugate* and those found here produce a different result in this case. The purpose of *ex post facto* provisions is to " 'prevent vindictive and arbitrary criminal legislation and to provide fair notice of those acts which will subject an individual to criminal sanctions.' " *State v. Zelinka*, 130 Or App 464, 472, 882 P2d 624 (1994), *rev den* 320 Or 508 (1995) (quoting *State v. Burke*, 109 Or App 7, 13, 818 P2d 511 (1991), *rev den* 312 Or 589 (1992)). Defendant makes no cogent argument that the 1999 rule was arbitrarily or vindictively conceived to increase the punishment for his prior crimes. The 1999 rule was in effect when defendant committed his current offense. Defendant's prior convictions come into play only because he reoffended *after* the 1999 rule became effective. Thus, the punishment for his prior offenses has not changed but, rather, defendant's current crime of conviction

carries a higher penalty under the 1999 rule than it would have if he were not a multiple recidivist. When he committed his current offense, defendant had adequate notice that further violations of the DUII statutes would subject him to punishment under the 1999 rule. Because (1) defendant was sentenced in this case for a new crime, not for prior offenses; and (2) before he committed the new crime, defendant had notice of the penalty for reoffending, his sentence did not violate Article I, section 21. *See Zelinka*, 130 Or App at 472 (holding that, because crime of murder by abuse was not complete until victim's death after enactment of statute, legislature did not impermissibly punish pre-enactment assaults that also fulfilled an element of the crime); *see also State v. Lamb*, 110 Or App 146, 822 P2d 143 (1991) (*ex post facto* provisions are not violated in a prosecution for felon in possession of a firearm even if a defendant's felony was committed before enactment of the statute).

Defendant points to no authority under Article I, section 10, of the United States Constitution, that would require a different result under that provision. Accordingly, defendant's federal *ex post facto* challenge also fails. *State v. Allen*, 332 Or 244, 248, 26 P3d 814 (2001).

Affirmed.