Argued and submitted February 28, reversed in part; remanded in part; otherwise affirmed April 3, 2003

STATE OF OREGON,
*Respondent,*

*v.*

JON ALTON THOMAS,
*Appellant.*

00FE0691AB; A113793

66 P3d 570

Walter J. Ledesma, Deputy Public Defender, argued the cause for appellant. With him on the brief was Peter A. Ozanne, Executive Director, Office of Public Defense Services.

Doug M. Petrina, Assistant Attorney General, argued the cause for respondent. With him on the brief were Hardy Myers, Attorney General, and Mary H. Williams, Solicitor General.

Before Landau, Presiding Judge, and Armstrong and Brewer, Judges.

LANDAU, P. J.

## LANDAU, P. J.

Defendant was convicted of third-degree assault, felony hit-and-run, misdemeanor driving under the influence of intoxicants (DUII), and reckless endangerment, arising out of an incident in which he drove intoxicated through a construction area, hit a flagger, and then fled the scene. Defendant had five prior convictions for misdemeanor DUII. At sentencing, the trial court relied on those five prior convictions in calculating defendant's criminal history score and, pursuant to the version of OAR 213-004-0009 that went into effect on November 1, 1999, counted the convictions as two person felonies. *See* OAR 213-004-0009 ("[e]very two prior convictions for misdemeanor [DUII] * * * shall be counted as one conviction of felony [DUII]; and * * * [e]ach felony conviction for [DUII] shall be counted as a person felony"). The trial court arrived at a criminal history score of "B" for defendant's sentence on his assault conviction. *See* OAR 213-004-0007 (category B applies to offenders whose "criminal history includes two person felonies"). Then, in imposing sentence on the felony hit-and-run conviction, the trial court increased defendant's criminal history score to "A," based in part on the third-degree assault conviction, which is a person felony. *See id.* (category A applies to offenders whose "criminal history includes three or more person felonies").

On appeal, defendant first challenges the trial court's application of the 1999 administrative rule to calculate the effect of the five DUII convictions on defendant's criminal history score. According to defendant, because each of those prior convictions occurred before 1999, state and federal constitutional *ex post facto* prohibitions preclude application of the administrative rule. We rejected precisely the same argument in *State v. Hurd*, 182 Or App 361, 366-67, 49 P3d 107, *rev den*, 335 Or 104 (2002). We reject defendant's challenge without further discussion.

Next, defendant argues that the trial court erred in increasing his criminal history score to "A" on the basis of the third-degree assault conviction. He argues that, under OAR 213-004-0006, a conviction counts in his criminal history only if it arose out of a different criminal episode from the one that

gave rise to the crime for which he is being sentenced. The state concedes the point, and we accept the concession. *State v. Allen*, 151 Or App 281, 289, 948 P2d 745 (1997) (conviction may be used in calculating criminal history score only if it "arose out of a separate criminal incident from the one that gave rise to the 'current crime or crimes' for which the defendant is being sentenced").

. Sentence on conviction for felony hit-and-run reversed; case remanded for resentencing; otherwise affirmed.